**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JACOB HERNANDEZ, Civil No. 01-1686 (JRT/ESS)

Petitioner,

v. **SUPPLEMENTAL ORDER**

DAVID CRIST and
MIKE HATCH,

Respondents.

---

On September 13, 2001, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. It appears on the face of the petition, however, that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, the merits of the petition will not be addressed unless Petitioner is able to demonstrate that his petition is not time-barred.

On September 14, 2001, the Court issued on order directing the Petitioner to show good cause, if any exists, why his petition should not be summarily dismisses pursuant to § 2244(d). It has come to the Court's attention, however, that this order was not docketed and, therefore, was not sent to the parties. As the deadlines set forth in the September 14 order have now passed, the Court is issuing this supplemental order to establish a new deadline for Petitioner to show cause why his petition is not time-barred. Petitioner must file his response to this Order no later than November 9, 2001, failing which it will be recommended that his habeas corpus petition be dismissed with prejudice.

Petitioner's response to this Order should include a complete chronology of the legal

FILED OCT 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

proceedings that followed his conviction, so the Court can properly determine when the statute of limitations began to run and when the statute may have been tolled pursuant to 28 U.S.C. § 2244(d)(2). Petitioner's response must include an affidavit that identifies all of the various state court proceedings that occurred after the entry of his judgment of conviction, and indicates the dates when each such proceeding was commenced and completed at the trial court level and at the various appellate court levels (if applicable). If Petitioner does file a timely response, the parties shall thereafter await further order of the Court.

Based on the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court's Order of September 14 is **VACATED**, and a copy of the September 14 Order shall be sent to the parties with this Order;

2. On or before November 9, 2001, Petitioner shall submit a written memorandum and affidavit showing cause why his petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d);

3.If Petitioner does not file the written response required by this Order within the time allowed, it will be recommended that the petition be summarily dismissed with prejudice; and

4. If Petitioner does file a timely response to this Order, the parties shall thereafter await further order of the Court.

Dated: October 17, 2001

E. S. SWEARINGEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JACOB HERNANDEZ,

Petitioner,

v.

DAVID CRIST, Warden, and
MIKE HATCH, Attorney General,

Respondents.

Civil No. 01-1686 (JRT/ESS)

ORDER

On September 13, 2001, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. It appears on the face of the petition, however, that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, the merits of the petition will not be addressed unless Petitioner is able to demonstrate that his petition is not time-barred.

Petitioner will be ordered to show good cause, if any exists, why the instant petition should not be summarily dismissed pursuant to § 2244(d). Petitioner's response to this Order should include a complete chronology of the legal proceedings that followed his conviction, so the Court can properly determine when the statute of limitations began to run and when the statute may have been tolled pursuant to 28 U.S.C. § 2244(d)(2). Petitioner's response must include an affidavit that identifies all of the various state court proceedings that occurred after the entry of his judgment of conviction, and indicates the dates when each such proceeding was commenced and completed at the trial court level and at the various appellate court levels (if applicable).

FILED __________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD __________
DEPUTY CLERK __________

Petitioner must file his response to this Order by no later than October 5, 2001, failing which it will be recommended that his habeas corpus petition be dismissed with prejudice. If Petitioner does file a timely response, the parties shall thereafter await the further order of the Court.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

(1) On or before October 5, 2001, Petitioner shall submit a written memorandum and affidavit showing cause why his petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d).

(2) If Petitioner does not file the written response required by this Order within the time allowed, it will be recommended that the petition be summarily dismissed with prejudice.

(3) If Petitioner does file a timely response to this Order, the parties shall thereafter await the further order of the Court.

Dated: September 14, 2001

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge