UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JACOB HERNANDEZ,

Petitioner,

v.

DAVID CRIST, Warden, and
MIKE HATCH, Attorney General,

Respondents.

Civil File No. 01-1686 (JRT/ESS)

**REPORT AND RECOMMENDATION**

Michael C. Davis, Esq., 46 East 4th Street, St. Paul, MN, 55101, for Petitioner.

Nichole J. Carter-Muhvich, Esq. 223 East 7th Street, Suite 101, Crookston, MN, 56716-1498, for Respondents.

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Jacob Hernandez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1]. Respondent filed Memorandum, explaining why the petition should be dismissed [Docket No. 7]. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

## I. BACKGROUND

Petitioner was charged with First Degree Burglary, Third Degree Criminal Sexual Conduct, Fourth Degree Criminal Sexual Conduct, Misdemeanor Theft, and Attempted Second Degree Burglary. From January 7 to January 13, 1998, the case was tried by a jury before Minnesota Ninth Judicial District Judge Michael J. Kraker in the Polk County District Court. He was found guilty on all counts, except Attempted Second Degree Burglary. On February 9, 2000, he was sentenced to concurrent sentences of 240 months for First Degree Burglary, 111 months for Third Degree

FILED APR 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT E.
DEPUTY CLERK

Criminal Sexual Conduct, and 90 days for Misdemeanor Theft, all of which were to be served consecutively with an unrelated sentence for First Degree Burglary. Petitioner appealed his verdict to the Minnesota Court of Appeals, who affirmed the conviction on April 13, 1999. The Petitioner then petitioned the Minnesota Supreme Court for further review; the petition was denied on June 29, 1999. On September 22, 2000, Petitioner filed a petition for post-conviction relief in state court. On September 28, 2000, Minnesota Ninth Judicial District Judge Michael J. Kraker denied the petition without a hearing. A Notice of Appeal was filed on November 27, 2001. On July 3, 2001, the Minnesota Court of Appeals affirmed the denial of the petition for post-conviction relief. On August 2, 2001, Petitioner filed a petition for review with the Minnesota Supreme Court. The petition was denied on September 11, 2001. On September 13, Petitioner filed an application for habeas corpus relief [Docket No. 1]. The petition lists one ground for relief: that the trial Court denied Plaintiff's constitutional right to confront witnesses against him by finding that the victims were unavailable and admitting tape recorded statements of the victims into evidence.

For the reasons discussed below, the Court concludes that Petitioner is not entitled to habeas corpus relief on the ground listed in his petition. It therefore recommends that this action be dismissed with prejudice.

## II. DISCUSSION

### A. Review of Rulings in State Court

Respondent opposes the petition on the ground that the state court reviewed the issue on the merits. An individual in custody pursuant to a state court judgment may not receive habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication "resulted in a decision ... contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28

U.S.C. § 2254(d)(1). The Supreme Court has said that a state court decision is "contrary to" clearly established federal law if the state court applies a rule that contradicts the governing law set forth in Supreme Court precedent. See Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519 (2000)(O'Connor, J., delivering the opinion of the Court with respect to Part II (except as to the footnote)). However, when the proper rule of Supreme Court law is identified by the state court, the federal court must then determine whether the case involves an "unreasonable application" of that rule. See Id., at 407-08, at 1520. "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id., at 409, at 1521. The Court went on to observe that there is a distinction between an *unreasonable* application and an *incorrect* one. "A federal court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id., at 411, at 1522.

B. Analysis

The state court's decision was not "contrary to" clearly established federal law.

The Petitioner argued that his Sixth Amendment right to confront witnesses against him was violated by the District Court's finding that the victims were unavailable to testify; the Petitioner also challenged the subsequent ruling that hearsay statements by the victims were admissible because they had sufficient guarantees of trustworthiness. [Docket No. 1]. With respect to the first issue, the Plaintiff relied upon, and the Minnesota Court of Appeals addressed the Supreme Court's decision in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531 (1980). [Docket No. 8, Exs. XI, XIII]. The second issue was argued and decided on the basis of state law.

Though Roberts was only cited with respect to the issue of unavailability, Roberts addressed

the issue of reliability, as well. Thus, the Supreme Court acknowledged two components to a hearsay analysis in the context of the Confrontation Clause. "In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.'" Roberts, 448 U.S. at 66, 100 S.Ct. at 2539. Reliability can be inferred if the statement falls within a clearly established hearsay exception; otherwise, a showing of trustworthiness must be made. Id.

With respect to the first issue, the decision by the Court of Appeals was not contrary to federal law. The Court of Appeals applied Supreme Court precedent. With respect to the second issue, the Court of Appeals did not apply the Supreme Court's rule in Roberts; instead, it relied on State v. Hansen, 312 N.W.2d 96 (Minn. 1981). However, Hansen, which was decided shortly after Roberts, discussed Roberts and the two components of hearsay analysis in the context of the Confrontation Clause. Thus, though the Court of Appeals did not rely directly on Supreme Court precedent in discussing the reliability of the victims' statements, it relied on a Minnesota Supreme Court ruling that did. Consequently, the Court of Appeals did not apply a rule that was, at least, consistent with Roberts and did not directly contradict it. From this, the Court concludes that the decision of the Court of Appeals was not contrary to clearly established federal law, as decided by the United States Supreme Court.

Having decided that the state court applied federal law, the Court must now consider whether that application was "unreasonable." After reviewing the record, the Court concludes that the application of federal law by the Court of Appeals was not unreasonable.

Quoting Roberts, the Minnesota Court of Appeals determined that the victims were not available to testify, "despite good faith efforts undertaken prior to trial to locate and present" them.

[Docket No. 8, Ex. K, Page 16.] The victims lived in Tennessee and the County Attorney had spoken to them by phone. However, after additional attempts to contact them by phone failed, the County Attorney mailed a letter to the victims, asking them to call her at a toll-free number. A week later, she attempted to contact them by phone again, but found that the victims' number had been disconnected. The County Attorney then spoke to someone in the Shelby County Sheriff's Office in Tennessee; Shelby County authorities had no additional information that would help the County Attorney contact the victims. She left messages with the Shelby County social services, but received no response from them. The County Attorney then contacted the Shelby County District Attorney's Office, requesting its assistance in compelling the victims to appear at trial. The District Attorney attempted to serve a subpoena on the victims at their last known address. No one could be located there and the subpoena was left in the victims' mailbox. After the trial was continued (at the request of the Petitioner), the County Attorney again contacted the District Attorney in Shelby County. The District Attorney informed the County Attorney that his investigator had spoken to several people who knew the victims and learned that the victims had apparently moved to another state. The investigator was unable to obtain a forwarding address. The actions by the County Attorney constituted a good-faith effort to locate and present the victims. By finding that the victims were not available, the Court did not apply Roberts unreasonably.

The Court of Appeals concluded that the statements by the victims had guarantees of trustworthiness. The Court of Appeals observed that the victims were not being investigated when the statements were made and they were not promised anything in exchange for their statements. In addition, their statements were consistent with "excited utterances" they made 7 hours earlier. The Court of Appeals also deflected an attack by the Petitioner on the victims credibility, finding Petitioner's argument meritless. The Court of Appeals considered several factors in deciding that

the statements were trustworthy. Again, the decision by the Court of Appeals was not an unreasonable application of the Supreme Court's decision in Roberts.

The Minnesota Court of Appeals reasonably applied clearly established federal law, as announced by the United States Supreme Court in Roberts. Pursuant to 28 U.S.C. § 2254(d)(1), the Court concludes that the Petitioner is not entitled to relief.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus be **DISMISSED WITH PREJUDICE** [Docket No. 1].

Dated: April 1, 2002

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties within ten days, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.